# Order

Michigan Supreme Court
Lansing, Michigan

December 20, 2017

154117-19

AFT MICHIGAN, HENRY FORD
COMMUNITY COLLEGE ADJUNCT
FACULTY ORGANIZATION, AFL CIO, AFT,
ALPENA MONTMORENCY ALCONA ISD
PARAPROFESSIONALS, ALPENA
MONTMORENCY ALCONA ISD TEACHERS,
ARENAC EASTERN FEDERATION, BAY
ARENAC SKILLS CENTER FEDERATION,
BROWN CITY EMPLOYEES ORGANIZATION,
BROWN CITY FEDERATION OF TEACHERS,
CHEBOYGAN OTSEGO PRESQUE ISLE
SUPPORT PERSONNEL, CHEBOYGAN
OTSEGO PRESQUE ISLE INTERMEDIATE
PARAPROFESSIONALS, CHESANING UNION
AUXILIARY SERVICE EMPLOYEES, CLARE
GLADWIN ISD FEDERATION, CRAWFORD
AUSABLE BUS DRIVERS FEDERATION,
CRAWFORD AUSABLE CUSTODIANS
SECRETARIAL FEDERATION, CRAWFORD
AUSABLE FEDERATION OF TEACHERS,
CRAWFORD AUSABLE SUPPORT STAFF
FEDERATION, CRESTWOOD FEDERATION
OF TEACHERS, CTR FEDERATION,
DEARBORN FEDERATION OF SCHOOL
EMPLOYEES, DEARBORN FEDERATION OF
TEACHERS, DETROIT ASSOCIATION OF
EDUCATIONAL OFFICE EMPLOYEES,
DETROIT FEDERATION OF
PARAPROFESSIONALS, DETROIT
FEDERATION OF TEACHERS, EAST
DETROIT FEDERATION OF TEACHERS,
ECORSE FEDERATION OF TEACHERS,
FAIRVIEW FEDERATION OF TEACHERS,
FEDERATION OF TEACHERS,
GLEN LAKE FEDERATION OF TEACHERS,
HALE FEDERATION OF TEACHERS,
HAMTRAMCK FEDERATION OF TEACHERS,
HEMLOCK FEDERATION OF TEACHERS,
HENRY FORD COMMUNITY COLLEGE
ADJUNCT FACULTY ORGANIZATION,
HENRY FORD COMMUNITY COLLEGE
FEDERATION OF TEACHERS, HIGHLAND
PARK FEDERATION OF
PARAPROFESSIONALS, HIGHLAND PARK
FEDERATION OF TEACHERS, HURON
VALLEY CONTINUING EDUCATION,
IMLAY CITY FEDERATION OF TEACHERS,
INKSTER FEDERATION OF TEACHERS,
IOSCO ISD FEDERATION OF TEACHERS,

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

IOSCO ISD INTERMEDIATE FEDERATION OF AUXILIARY EMPLOYEES, KINGSLEY FEDERATION OF TEACHERS, KIRTLAND COMMUNITY COLLEGE FEDERATION OF TEACHERS, LAMPHERE FEDERATION OF PARAPROFESSIONALS, LAMPHERE FEDERATION OF TEACHERS, LANSING COMMUNITY COLLEGE ADMINISTRATIVE ASSOCIATION, LES CHENEAUX FEDERATION OF SUPPORT STAFF, LES CHENEAUX FEDERATION OF TEACHERS, LAKE CITY SUPPORT STAFF FEDERATION, LAKE CITY TEACHERS AND PARAPROFESSIONALS FEDERATION, LAKE SHORE FEDERATION OF EDUCATIONAL SECRETARIES, LAKE SHORE FEDERATION OF TEACHERS, LAKE SHORE FEDERATION SUPPORT STAFF, MACOMB INTERMEDIATE FEDERATION OF PARAPROFESSIONALS, MACOMB INTERMEDIATE FEDERATION OF TEACHERS, MELVINDALE NAP FEDERATION OF TEACHERS, MELVINDALE NAP PARAPROFESSIONALS, MIDLAND FEDERATION OF PARAPROFESSIONALS, MIDLAND ISD FEDERATION OF PARAPROFESSIONALS, MIDLAND ISD FEDERATION OF TEACHERS, NORTHVILLE FEDERATION OF PARAPROFESSIONALS, ONAWAY FEDERATION OF SCHOOL RELATED PERSONNEL, ONAWAY FEDERATION OF TEACHERS, PLYMOUTH CANTON COMMUNITY SCHOOL SECRETARIAL UNIT, PLYMOUTH CANTON FEDERATION OF PLANT ENGINEERS, ROMULUS FEDERATION OF PARAPROFESSIONALS, ROSEVILLE FEDERATION OF TEACHERS, RUDYARD FEDERATION OF AIDES, RUDYARD FEDERATION OF TEACHERS, SAGINAW ISD FEDERATION OF TEACHERS, TAWAS AREA FEDERATION OF TEACHERS, TAYLOR FEDERATION OF TEACHERS, UTICA FEDERATION OF TEACHERS, VAN DYKE EDUCATIONAL ASSISTANTS FEDERATION, VAN DYKE PROFESSIONAL PERSONNEL, WARREN WOODS FEDERATION OF PARAPROFESSIONALS, WASHTENAW INTERMEDIATE SCHOOL EMPLOYEES FEDERATION, WATERFORD ASSOCIATION OF SUPPORT PERSONNEL, WAYNE COUNTY COMMUNITY COLLEGE FEDERATION OF TEACHERS, WAYNE COUNTY COMMUNITY COLLEGE

PROFESSIONAL AND ADMIN ASSOCIATION, WAYNE COUNTY RESA SALARIED STAFF, WEXFORD MISSAUKEE ISD FEDERATION OF TEACHERS, WHITEFISH TOWNSHIP FEDERATION OF TEACHERS, CHEBOYGAN OTSEGO PRESQUE ISLE ISD TEACHERS, and HEMLOCK AUXILIARY SERVICE EMPLOYEES,
   Plaintiffs-Appellees,

v

STATE OF MICHIGAN,
   Defendant-Appellant.
_____/

SC: 154117
COA: 303702
Ct of Claims: 10-000091-MM

TIMOTHY L. JOHNSON, JANET HESLET, RICKY A. MACK, and DENISE ZIEJA,
   Plaintiffs-Appellees,

v

PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM, PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM BOARD, TRUST FOR PUBLIC EMPLOYEE RETIREMENT HEALTH CARE, and DEPARTMENT OF TECHNOLOGY, MANAGEMENT, AND BUDGET,
   Defendants-Appellants,
and

DIRECTOR OF DEPARTMENT OF TECHNOLOGY, MANAGEMENT, AND BUDGET, DIRECTOR OF RETIREMENT SERVICES OFFICE, and STATE TREASURER,
   Defendants.
_____/

SC: 154118
COA: 303704
Ct of Claims: 10-000047-MM

DEBORAH McMILLAN, THOMAS BRENNER, THERESA DUDLEY, KATHERINE DANIELS, and COREY CRAMB,

Plaintiffs-Appellees,

v

PUBLIC SCHOOL EMPLOYEES RETIREMENT
SYSTEM, PUBLIC SCHOOL EMPLOYEES
RETIREMENT SYSTEM BOARD, TRUST FOR
PUBLIC EMPLOYEE RETIREMENT HEALTH
CARE, and DEPARTMENT OF TECHNOLOGY,
MANAGEMENT, AND BUDGET,
              Defendants-Appellants,
and

DIRECTOR OF DEPARTMENT OF
TECHNOLOGY, MANAGEMENT, AND
BUDGET, DIRECTOR OF RETIREMENT
SERVICES OFFICE, and STATE
TREASURER,
              Defendants.

_____/

SC: 154119
COA: 303706
Ct of Claims: 10-000045-MM

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we AFFIRM the result reached by the June 7, 2016 judgment of the Court of Appeals for the reasons stated in Parts I and II of that opinion. Specifically, we affirm the holding that 2012 Public Act 300 is not retroactive and therefore has no application to funds collected from the plaintiffs before its enactment. Further, we affirm the holding that 2010 Public Act 75 violated the respective Contract Clauses of both the federal and state constitutions, US Const, art 1, § 10; Mich Const 1963, art 1, § 10, because it substantially impaired the plaintiffs' employment contracts by involuntarily reducing the plaintiffs' wages by 3%, and the state failed to demonstrate that this measure was reasonable and necessary to further a legitimate public purpose. See generally *Energy Reserves Group, Inc v Kansas Power & Light Co*, 459 US 400, 411-412; 103 S Ct 697; 74 L Ed 2d 569 (1983). Because these holdings fully resolve this case, it is unnecessary to address the other constitutional issues presented, and we therefore VACATE Parts III and IV of the Court of Appeals opinion. Because 2010 Public Act 75 is unconstitutional, the funds collected pursuant to that act before the effective date of 2012 Public Act 300 must be refunded to the plaintiffs in accordance with the Court of Appeals judgment.

CLEMENT, J., did not participate.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 20, 2017



t1219

Clerk